FILED
CHARLOTTE, NC

OCT 21 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:20 cr 370-KDB |
| | ) | |
| v. | ) | **BILL OF INDICTMENT** |
| | ) | |
| | ) | Violation:   18 U.S.C. § 1951 |
| DAVONTE EVERETT | ) |                      18 U.S.C. § 924(c) |
| | ) | |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
(*Interference with Interstate Commerce by Robbery*)

On or about July 3, 2020, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**DAVONTE EVERETT,**

did knowingly, in any way and degree, obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that the defendant did knowingly and unlawfully take and obtain United States currency belonging to the 7-Eleven store located at 2901 Yorkmont Road in Charlotte, North Carolina, from the person and presence of an employee of said store, against such employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to such employee's person, at the time of the taking and obtaining.

All in violation of Title 18, United States Code, Section 1951.

## COUNT TWO
*(Brandishing a Firearm During and in Relation to, and in Furtherance of, a Crime of Violence)*

On or about July 3, 2020, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**DAVONTE EVERETT**,

did knowingly use and carry a firearm during and in relation to, and did knowingly possess a firearm in furtherance of, a crime of violence for which the defendant may be prosecuted in a Court of the United States, that is, Interference with Interstate Commerce by Robbery, as set forth in Count One of this Indictment, which is hereby incorporated by reference.

It is further alleged that said firearm was brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

All in violation of Title 18, United States Code, Section 924(c).

2

## NOTICE OF FORFEITURE

     Notice is hereby given of the provisions of 18 U.S.C. §§ 982 and 924, and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Sections 982, 924, and/or 2461(c):

    a.    all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the violations alleged in this Indictment;

    b.    all property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations;

    c.    all property involved in such violations; and

    d.    in the event that any property described in (a), (b), or (c) cannot be located or recovered or has been substantially diminished in value or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant, to the extent of the value of the property described in (a), (b), and (c).

A TRUE BILL

FOREPERSON

R. ANDREW MURRAY  
UNITED STATES ATTORNEY

_(signature)_  
TAYLOR G. STOUT  
ASSISTANT UNITED STATES ATTORNEY

3

## NOTICE OF FORFEITURE

    Notice is hereby given of the provisions of 18 U.S.C. §§ 982 and 924, and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Sections 982, 924, and/or 2461(c):

    a.    all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the violations alleged in this Indictment;

    b.    all property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations;

    c.    all property involved in such violations; and

    d.    in the event that any property described in (a), (b), or (c) cannot be located or recovered or has been substantially diminished in value or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant, to the extent of the value of the property described in (a), (b), and (c).

A TRUE BILL

_____
FOREPERSON

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____
TAYLOR G. STOUT
ASSISTANT UNITED STATES ATTORNEY

3